IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KELLY M. CRAWFORD**, as the Receiver for Prosper Oil & Gas, Inc. and Alan Todd May, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:10-CV-1499-L** |
| **MEERA LEE, KENNETH STEPHENS, SMART BROTHERS, LLC and BOBWHITE PRODUCTION COMPANY, INC.**, | § § § § § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Plaintiff's Motion for Partial Summary Judgment, filed April 14, 2011; and (2) The Receiver's Motion for Default Judgment, filed May 16, 2011. After reviewing the motions, record, and applicable law, the court **grants** Plaintiff's Motion for Partial Summary Judgment, and **grants** The Receiver's Motion for Default Judgment.

**I.  Background**

Kelly M. Crawford ("Plaintiff"), as the Receiver for Prosper Oil & Gas, Inc. ("Prosper") and Allan Todd May ("May"), filed Plaintiff's Original Complaint on July 30, 2010, against Defendants Meera Lee ("Lee") and Kenneth Stephens ("Stephens"). The action was transferred to this court's docket on August 2, 2010, and Plaintiff filed his First Amended Complaint ("Complaint") on October 21, 2010, which added Defendants Smart Brothers, LLC and Bobwhite Production Company, Inc. as parties to the lawsuit.

The Complaint asserts claims against Defendants for fraudulent transfer, unjust enrichment, violation of securities laws, equitable disgorgement, money had and received, conversion, and a request for accounting. On April 7, 2011, the parties filed a Joint Settlement Status Report in which they indicated that settlement negotiations were ongoing. As part of the settlement arrangement, Stephens agreed to withdraw his answer to the Complaint and not contest Plaintiff's claims. Lee indicated that she would make a settlement proposal to Plaintiff in the coming weeks. The clerk of the court made an entry of default as to Stephens on April 13, 2011.

On April 14, 2011, Plaintiff filed a motion for partial summary judgment against Lee, to which Lee filed no response. Plaintiff requests partial summary judgment in the principal amount of $167,444, together with attorney's fees and costs in the amount of $5,500 from Lee. On May 16, 2011, Plaintiff filed a motion for default judgment against Stephens, to which Stephens has made no attempt to contest. Plaintiff seeks $26,500 and attorney's fees and costs of $400 from Stephens.

## II. Legal Standard - Summary Judgment Standard When No Response is Filed

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.

*Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Lee filed no response to the summary judgment motion. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Lee's pleadings are not verified, and, therefore, Lee has presented no summary judgment evidence. The court will therefore treat the facts set forth by Plaintiff's evidence as undisputed.

## III. Analysis

The court addresses separately Plaintiff's motion for partial summary judgment and motion for default judgment.

### A. Motion for Partial Summary Judgment

Plaintiff moves for partial summary judgment on his fraudulent transfer claim against Lee. Plaintiff's summary judgment evidence establishes that Prosper was a ponzi scheme offering illegal investments operated by May. Plaintiff, pursuant to the court's order of receivership, investigated Prosper's operations and discovered that Lee sold Prosper's illegal investments to prospective investors. Lee never held a securities license. Prosper's bank records reveal that between April 25, 2009, and March 3, 2010, Lee received $167,444 in commissions for selling securities by means of false or misleading statements. When questioned at her deposition about Plaintiff's fraudulent transfer claim, Lee asserted her Fifth Amendment right to remain silent.

The Uniform Fraudulent Transfer Act states that a creditor may recover transfers made with actual fraudulent intent from the recipient of the transfer. Tex. Bus. & Comm. Code Ann §

25.005(a)(1) (West 2009). A Receiver may assert a fraudulent transfer claim on behalf of the receivership's defrauded creditors. *Janvey v. Alguire*, 638 F.3d 164, 177 (5th Cir. 2010). As discussed, the evidence establishes that Prosper was a ponzi scheme and that Lee never held a securities license. Because Lee has provided no summary judgment evidence to rebut Plaintiff's claim that Lee received $167,444 in commissions for her fraudulent sale of securities, the court draws a reasonable inference from the undisputed facts that the commissions Lee received were fraudulently transferred. Every transfer of false profits in a ponzi scheme made in furtherance of the fraud is made with actual fraudulent intent. *Warfield v. Byron*, 436 F.3d 551, 558 (5th Cir. 2006). The court determines that such was the case here, and Lee did nothing to legally earn the commissions she received. The evidence makes clear that Lee's "services" in selling fraudulent securities for which she received commissions resulted in an expansion of the scope of Prosper's fraudulent operation.

In light of the record and evidence before it, the court concludes that no genuine issue of material fact exists. Plaintiff is entitled under the Uniform Fraudulent Transfer Act to a judgment against Lee for the total amount of the fraudulent transfers Lee received: $167,444. *See* Tex. Bus. & Comm. Code Ann. §§ 24.005(a)(1); 24.008(a)(1). The court also determines that Plaintiff is entitled to costs and reasonable attorney's fees by statute. *See id.* § 24.013. Plaintiff's evidence demonstrates that his attorney's fees and costs incurred with respect to Lee total $5,500. Plaintiff submits—as part of the motion's appendix—the declaration of its attorney, Kelly M. Crawford. The declaration details the billing method of Mr. Crawford's law firm, Scheef & Stone, LLP, and establishes that $5,500 reflects approximately 20 hours of billed time. The court determines that this amount is reasonable and commensurate with the normal rate for legal fees charged in

connection with claims and cases of this nature. The court will accordingly award reasonable costs and attorney's fees of $5,500 to Plaintiff in addition to the $167,444 principal amount arising from the fraudulent transfers.

### B. Motion for Default Judgment

The court finds that because Stephens has neither filed an answer to Plaintiff's Complaint nor otherwise defended in this lawsuit, and because Stephens is not an infant, an incompetent or in the military, Plaintiff is entitled to judgment against Defendant. The court therefore accepts as true the well-pleaded allegations stated by Plaintiff in its complaint, the facts in The Receiver's Motion for Default Judgment, and those set forth in the appendix accompanying the motion.

#### 1. Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). Plaintiffs ask the court to award $26,500 in damages, which was the amount of commissions paid to Stephens for furthering a fraudulent investment program. These payments were made by May or Prosper in exchange for Stephens's broker services and thus furthered a ponzi scheme. The court determines that these damages are ascertainable from the Complaint, Plaintiff's motion, and the appendix attached thereto. Accordingly, Plaintiff is entitled to the $26,500 amount.

#### 2. Costs and Attorney's Fees

Plaintiff also seeks costs and reasonable attorney's fees totaling $400. In support, Plaintiff submits—as part of the motion's appendix—the declaration of its attorney, Kelly M. Crawford. The declaration details the billing method of Mr. Crawford's law firm, Scheef & Stone, LLP, and

establishes that $400 reflects approximately 1.5 hours of billed time. The court determines that this is a reasonable amount typically charged for the legal services provided in cases of this nature. The court will accordingly award reasonable costs and attorney's fees of $400 to Plaintiff in addition to the $26,500 principal amount arising from the fraudulent transfers.

## IV. Conclusion

For the reasons stated herein, the court **grants** Plaintiff's Motion for Partial Summary Judgment, and **grants** The Receiver's Motion for Default Judgment. Plaintiff is entitled to partial judgment in its favor against Lee for $172,444, which includes the principal amount of the fraudulent transfers Lee received and the attorney's fees and costs Plaintiff incurred with respect to his claims against Lee. Plaintiff is also entitled to judgment in its favor against Stephens for $26,900, which includes the principal amount of the fraudulent transfers Stephens received and the attorney's fees and costs Plaintiff incurred with respect to his claims against Stephens. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a partial judgment will issue by separate document.

**It is so ordered** this 24th day of May, 2011.

Sam A. Lindsay
United States District Judge