IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY M. CRAWFORD, as the RECEIVER FOR PROSPER OIL & GAS, INC. and ALAN TODD MAY, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:10-CV-1499-L** |
| MEERA LEE, KENNETH STEPHENS, SMART BROTHERS, LLC and BOBWHITE PRODUCTION COMPANY, INC., | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Bobwhite Production Company, Inc.'s Motion for Dismissal as Authorized by Federal Rule of Civil Procedure 12(b)(2), filed November 23, 2010. After careful consideration of the motion, response, appendices, record, and applicable law, the court **denies** Defendant Bobwhite Production Company, Inc.'s Motion for Dismissal as Authorized by Federal Rule of Civil Procedure 12(b)(2).

**I.      Factual and Procedural Background**

Kelly M. Crawford (the "Receiver" or "Plaintiff") is the Receiver appointed by the court on March 3, 2010, in *SEC v. Alan Todd May, et al.*, 3:10-CV-425-L, to collect certain assets of Prosper Oil and Gas, Inc. ("Prosper") and Alan Todd May. Plaintiff filed his Original Complaint in this court on October 21, 2010, pursuant to the court's March 3, 2010 order of receivership in the other

civil action. Plaintiff seeks recovery of money paid by Prosper to several defendants including Bobwhite Production Company, Inc. ("Bobwhite").

Bobwhite is the operator and owner of certain working interests in the oil and gas wells in the Coon Creek Field of Oklahoma County, Oklahoma. Prosper and Bobwhite entered into a Purchase and Sale Agreement in December 2009 in which Prosper agreed to purchase Bobwhite's interest in the Coon Creek Wells for $705,000 with a $10,000 deposit. Plaintiff alleges that Prosper, in order to fund the purchase of the Coon Creek Wells from Bobwhite, fraudulently solicited funds from unsuspecting investors and told the investors that Prosper already owned title to the Coon Creek Wells. Prosper sent a portion of the monies collected to an escrow account controlled by the Smart Brothers, a broker retained by Bobwhite to solicit a purchaser of Bobwhite's interest in the Coon Creek Wells. Prosper deposited $305,000 into the escrow account maintained by Smart Brothers, LLC. Smart Brothers then distributed $115,000 of the escrow monies to Bobwhite and $46,475 to itself. After the Receiver made demand upon Bobwhite and Smart Brothers to return to the receivership the escrow monies, Smart Brothers returned the balance of the monies in the escrow account but failed to return the $46,475 it distributed to itself or the $115,000 it distributed to Bobwhite. Plaintiff alleges in his first amended complaint that each transfer was fraudulent and in violation of the Uniform Fraudulent Transfer Act. Plaintiff further contends that the transfer amounted to conversion because Bobwhite wrongfully exercised dominion and control over the escrow monies.

Bobwhite is a company organized under the laws of Oklahoma with its principal place of business in Oklahoma, and it represents that all of its business activities and properties are limited to the state of Oklahoma. The affidavit of Danny Slagle, president and sole shareholder of Bobwhite,

provides that the property for sale was in the state of Oklahoma and the Purchase and Sale Agreement with Prosper was executed in Oklahoma. Bobwhite contends that the only communication with Prosper was a telephone conversation with one of its engineers regarding the production of oil from the Coon Creek Field.

Bobwhite moves to dismiss this action for lack of personal jurisdiction and argues that it does not possess any minimum contacts with the state of Texas. Further, Bobwhite asserts that none of the bases for proper venue exists in Texas. Plaintiff disputes Bobwhite's contentions.

## II.     Legal Standard

### A.     Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a *prima facie* case for the court's jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When the court rules on the motion without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a *prima facie* case that personal jurisdiction is proper, *id.*; proof by a preponderance of the evidence is not required. *International Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 556 (N.D. Tex. 2003) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)). The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Stuart*, 772 F.2d at 1192. Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes his prima facie case, the burden then shifts to the defendant to present "a

compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). Because the Texas long-arm statute extends to the limits of federal due process, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990), the court must determine whether (1) the defendants have established "minimum contacts" with the forum state; and, (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Ruston Gas*, 9 F.3d at 418 (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. The nonresident defendant's availment must be such that the defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (citations omitted). The "minimum contacts" prong of the inquiry may be subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999). Specific jurisdiction is only appropriate when the nonresident defendant's cause of action

arises from, or is directly related to, the defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The exercise of general personal jurisdiction is proper when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial. *Id.* at 414 n.9.

In evaluating the second prong of the due process test, the court must examine a number of factors in order to determine fairness and reasonableness, including: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies. *Asahi Metals Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987). As noted above, "once minimum contacts are established, a defendant must present 'a compelling case that the presence of some consideration would render jurisdiction unreasonable.'" *Eviro Petroleum, Inc. v. Kondur Petroleum*, 79 F. Supp. 2d 720, 725 (S.D. Tex. 1999) (*quoting Burger King*, 471 U.S. at 277). In fact, "[o]nly in rare cases . . . will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *Id*. (*quoting Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991)).

A party who consents to jurisdiction in a forum selection clause waives any due process claims. *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 590 (1991). The enforceability of a forum selection clause is a question of law, and such clauses are presumptively valid. *See Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997). The party resisting the forum selection clause must show that the clause is "unreasonable" before a court may decline to enforce the clause. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 220 (5th Cir. 1998).

**Memorandum Opinion and Order – Page 5**

Unreasonableness may be demonstrated by "a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the [party resisting the clause] of his day in court." *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998) (quoting *Mitsui & Co.*, 111 F.3d at 35). "The party resisting enforcement on these grounds bears a 'heavy burden of proof.'" *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)).

## III. Analysis

Plaintiff argues that his tort claims against Bobwhite are based on Bobwhite's conversion and fraudulent use of monies transferred by Prosper to Bobwhite pursuant to the Purchase and Sale Agreement entered into by Prosper and Bobwhite. Although the Receiver did not enter into the Purchase and Sale Agreement with Bobwhite, the Receiver "stands in the shoes" of Prosper and can assert the claims stated in the Complaint against Bobwhite on behalf of Prosper. *See Hymel v. FDIC*, 925 F.2d 881, 883 (5th Cir. 1991). Plaintiff contends that Bobwhite consented to Texas jurisdiction and Dallas venue based on a contractual provision applying to claims "arising out of the terms and conditions" of the contract. Specifically, Paragraph 8.11 of the Purchase and Sale Agreement reads:

> 8.11 <u>Governing Law</u>: THIS CONTRACT SHALL BE GOVERNED BY AND CONSTRUED UNDER THE LAWS OF THE STATE OF TEXAS, EXCLUDING ANY CONFLICT OF LAW RULES WHICH MAY REQUIRE THE APPLICATION OF THE LAWS OF ANOTHER JURISDICTION; AND THE VENUE OF ANY ACTION BROUGHT BY EITHER PARTY IN REGARD HERETO OR ARISING OUT OF THE TERMS OR CONDITIONS HEREOF SHALL BE EXCLUSIVELY THE STATE OR FEDERAL COURT IN DALLAS, TEXAS AND BOTH PARTIES HEREBY CONSENT TO THE JURISDICTION OF THE COURTS OF TEXAS.

Pl.'s App. 33 (upper case letters in original). Plaintiff argues that his claims "arise out of" the terms and conditions of the Purchase and Sale Agreement in which the forum selection clause is contained because the contract outlines the authorized uses for the funds Plaintiff transferred to Bobwhite.

Bobwhite argues that it does not have any contacts with the state of Texas, purposefully avail itself of the laws of Texas, or direct its activities to any state other than Oklahoma. Bobwhite further contends that the suit does not arise out of the contract because it "does not have any bearing on the contract between Prosper and Bobwhite for the sale of oil well interests." Def.'s Mot. to Dismiss 12. In the alternative, Bobwhite argues that it consented to venue in federal or state courts in Texas, but did not consent to personal jurisdiction in the federal courts of Texas.

A party who consents to jurisdiction in a forum selection clause waives any challenge based on due process, and the inquiry focuses on whether the forum selection clause was reasonable. *Shute,* 499 U.S. at 590. Because Bobwhite does not contend the clause is unreasonable, the primary issue is whether Plaintiff's claims "arise out of" the Purchase and Sale Agreement.

The Fifth Circuit has rejected a general distinction between contract and tort causes of action when enforcing forum selection clauses. *Sebastian*, 143 F.3d at 221-22. The Fifth Circuit instead "look[s] to the language of the parties' contract to determine which causes of actions are governed by the forum selection clauses." *Id.* at 222. This court determines that Plaintiff's cause of action arises out of the terms and conditions of the Purchase and Sale Agreement because the contract describes the permitted use for the funds Prosper transferred to Bobwhite and therefore provides a basis for Plaintiff's tort claims against Defendant's unauthorized use of the escrow funds. Several courts that have considered the scope of forum selection clauses on tort causes of action have reached similar conclusions. In *Shute*, for example, the Supreme Court applied the parties' contract

to a negligence cause of action. *Shute*, 499 U.S. at 587-88. The Fifth Circuit has made it unequivocally clear that "[t]here is nothing in [forum selection] clauses that justifies limiting their application to contract claims." *Sebastian*, 143 F.3d at 222.

As its final argument, Bobwhite contends that it did not consent to personal jurisdiction in the federal courts of Texas because of a provision in the contract. Bobwhite's argument is specious and misplaced.

Section 8.11 of the Purchase and Sale Agreement states that ". . . the venue of any action brought by either party in regard hereto or arising out of the terms or conditions hereof shall be *exclusively* the state or federal court in Dallas, Texas." Pl.'s App. 33 (emphasis added). Confusion arises, however, from the final portion of the clause, which states that ". . . both parties hereby consent to the jurisdiction of the courts of Texas." Pl.'s App. 33. There is a distinction between "courts *of* Texas" and "courts *in* Texas." *Dixon v. TSE Int'l, Inc.*, 330 F.3d 396, 398 (5th Cir. 2003). "Federal district courts may be *in* Texas, but they are not *of* Texas." *Id*. "Federal courts indisputably proceed from, and find their origin in, the federal government, though located in particular geographic regions." *Id*. Bobwhite apparently contends that it did not consent to the jurisdiction of the federal court because a federal court cannot be a court *of* Texas. Although the clause uses the phrase "courts *of* Texas," interpreting the clause to mean that a party consents to venue in federal court but not personal jurisdiction leads to an absurd result. If a party submits to the exclusive venue of a specific federal court, it necessarily follows that the party also submits to personal jurisdiction of that federal court. The court is at a loss to understand how Bobwhite can assert that this court cannot exercise personal jurisdiction over it when it expressly agreed to venue in this court. Moreover, the clear objective intent of the parties to the contract was for litigation, if

any, to take place in the state or federal court located in Dallas, Texas. The final portion of the clause is superfluous and inconsistent with the parties' express intent as to where litigation, if any, would occur; the extra verbiage is thus quite beside the point. For these reasons, the court determines that Bobwhite consented to personal jurisdiction in the federal court of Dallas, Texas, and has waived any due process claims. Furthermore, Bobwhite has presented nothing of a compelling nature that the exercise of personal jurisdiction over him would be unreasonable.

Because the court concludes that the forum selection clause is enforceable and constitutes a sufficient basis for denying Bobwhite's motion, it need not address the specific jurisdiction and state long-arm statute arguments advanced by Plaintiff.

### IV.   Conclusion

For the foregoing reasons, the court determines that Bobwhite expressly consented to the jurisdiction of the court. Accordingly, the Court **denies** Defendant Bobwhite Production Company, Inc.'s Motion for Dismissal as Authorized by Federal Rule of Civil Procedure 12(b)(2).

**It is so ordered** this 20th day of June, 2011

                                              Sam A. Lindsay
                                              United States District Judge